**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2329
_____

RAMIRO AGUILAR-RIVERA,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(No. A076-497-710)
Immigration Judge: Alice Song Hartye
_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 12, 2021

(Filed July 2, 2021)

Before:  CHAGARES, SCIRICA and RENDELL, *Circuit Judges*.

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Petitioner Ramiro Aguilar-Rivera seeks review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial of his motion to reopen removal proceedings.[1] For the reasons set forth below, the petition will be denied in part and dismissed in part.

I.

Petitioner, a native of Mexico, first entered the United States on or about September 11, 1996. The Department of Homeland Security ("DHS") (formerly the Immigration and Naturalization Service) initiated removal proceedings on October 8, 1997 by filing a Notice to Appear, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). The Immigration Judge ("IJ") sustained the removability charge and granted Petitioner voluntary departure. Petitioner returned to Mexico.

Petitioner reentered the United States without inspection in February 2010. He was issued an expedited removal order under 8 U.S.C. § 1225(b)(1) on February 5, 2010 and was removed to Mexico.

On July 8, 2019, Petitioner filed a motion to reopen the proceedings in order to apply for asylum and withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C § 1231(b)(3), and protection pursuant to the United Nations Convention Against Torture ("CAT"). Petitioner claimed that changed country

---

[1] Petitioner captioned his motion as a "Motion to Reopen in Absentia Proceeding" but the BIA concluded that he was not ordered to be removed in absentia, so we will simply refer to his motion as a "motion to reopen removal proceedings." R. 3 n.1.

conditions warranted reopening of his proceedings.  Specifically, he asserted that following his expedited removal order in 2010, cartel violence increased in his home region of Mexico, and he and his family suffered harassment and persecution from Mexican drug cartels.  Petitioner alleged Mexican customs officials turned him over to cartel members in 2011, who kidnapped him and tortured him, dislocated his arm, and broke his leg.  He also claimed that his daughter was kidnapped by the cartel in 2013 and held for ransom, and that his son was beaten by a group of people the same year because of his relationship with Petitioner.

In support, Petitioner submitted affidavits from his wife, aunt and brother-in-law explaining that he was kidnapped in November 2011, as well as a police report indicating his wife had reported him as missing in Mexico.  He submitted a medical report from March 2012 that described a history of an elbow dislocation but "no evidence of an acute fracture or dislocation" and "chronic changes, probable [sic] from an old injury."  R. 186. He also submitted articles regarding the increasing violence of Mexican cartels and a police report from the Alton, Texas police department explaining that he reported his daughter's kidnapping but the police could not investigate it given that the kidnapping occurred in Mexico and his daughter was a Mexican national.

The IJ denied Petitioner's Motion to Reopen on August 27, 2019.  The IJ determined that Petitioner's evidence failed to "sufficiently corroborate [Petitioner's] claim" and failed to show he was likely to be granted relief.  The IJ faulted Petitioner because neither his son nor his daughter submitted an affidavit describing their abuse from the cartel, Petitioner used a different name for his daughter in his supplemental

3

affidavit from the name used in the police complaint and his wife's affidavit, and Petitioner's medical evidence did not support his claimed injuries. The IJ explained that, without corroboration, Petitioner could not meet his high burden of showing materially changed circumstances that would warrant a reopening under 8 C.F.R § 1003.23(b)(3).

Petitioner appealed to the BIA, which dismissed his petition on June 2, 2020. The BIA agreed that Petitioner failed to corroborate his claims and thus, failed to establish "he [was] *prima facie* eligible for relief." R. 6.

The BIA explained that when the IJ determines corroborating evidence is needed, the party must provide such evidence or show they do not have it and cannot reasonably obtain it. Petitioner did not claim that he could not reasonably obtain affidavits from his son or daughter or that they were not available. The BIA also rejected Petitioner's claim that the IJ misunderstood the different names used for Petitioner's daughter. The BIA reiterated the IJ's determination that the medical report supported that the dislocation was the result of "an old injury." R. 6. The BIA thus concluded that Petitioner had not provided evidence of country conditions that "materially bear[] on his claim" and that he did not provide sufficient evidence to corroborate his claim that he and his family would be targeted in Mexico. R. 6. Petitioner filed a timely petition for judicial review.

II.

The BIA had jurisdiction over Petitioner's motion to reopen under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction over his petition for review pursuant to 8 U.S.C. § 1252.

4

We review the BIA's findings of fact to determine whether they were supported by substantial evidence, and its ultimate decision to reject the motion to reopen for an abuse of discretion. *Sevoian v. Ashcroft*, 290 F.3d 166, 169–70 (3d Cir. 2002). Under the abuse of discretion standard, we will reverse the BIA's decision if it is "arbitrary, irrational, or contrary to law." *Id.* at 174. The Supreme Court has recognized that "[T]he Attorney General has 'broad discretion' to grant or deny such motions. Motions for reopening of immigration proceedings are disfavored[.]" *INS v. Doherty*, 502 U.S. 314, 323 (1992) (citations omitted).

III.

Petitioner argues that the BIA abused its discretion by holding him to a higher burden of proof than required at the motion to reopen stage and by failing to provide him with advance notice of the need to provide corroborating evidence. We conclude that the first argument is without merit and the second is not properly before us.

A.

A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). If the motion is submitted for the purpose of applying for relief, as in this case, it must include the "application for relief and all supporting documentation." *Id.* The motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.* The BIA may deny a motion to reopen based on three principal grounds: (1) "the movant has failed to establish

5

a prima facie case for the relief sought"; (2) "the movant has failed to introduce previously unavailable, material evidence that justifies reopening, as required by regulation"; or (3) as matter of discretion, the movant is not entitled to relief. *Sevoian*, 290 F.3d at 169–70.

We review only the decision of the BIA, and not the IJ, unless the BIA's decision "specifically reference[s] or adopt[s] other portions of the IJ's analysis." *Voci v. Gonzales*, 409 F.3d 607, 613 (3d Cir. 2005). Here, the IJ concluded that Petitioner did not provide sufficient evidence to meet his burden to show changed circumstances warranting a reopening under 8 C.F.R.§ 1003.23(b)(3), but the BIA concluded that the lack of sufficient evidence meant that Petitioner did not show that he was prima facie eligible for relief. These are two related but distinct issues. *See Shardar v. Att'y Gen.*, 503 F.3d 308, 312 (3d Cir. 2007). Because the BIA did not address the changed circumstances analysis, we review only whether the BIA abused its discretion in concluding that Petitioner did not present a prima facie case for asylum or relief under the CAT in his motion to reopen.

Petitioner argues that the BIA abused its discretion in requiring him to "prove" the new facts alleged in his motion to reopen. While we agree that the BIA was unclear as to whether it accepted the truth of Petitioner's allegations, we conclude that this did not constitute abuse of discretion because his allegations are insufficient to make a prima facie case.

To establish prima facie eligibility for the relief sought in a motion to reopen, the Petitioner must provide "objective evidence showing a 'reasonable likelihood' that

6

[Petitioner] can establish [that he is entitled to relief].” *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004), *as amended* (Dec. 3, 2004) (citing *Sevoian*, 290 F.3d at 173, 175). This standard is less rigorous than the standard at a proceeding on the merits, which requires the alien to *establish* eligibility for relief, but Petitioner nonetheless must provide enough evidence with the motion to reopen to show “a realistic chance” that he will be entitled to relief. *Id.* at 564.

Petitioner is seeking to reopen proceedings so he can apply for asylum and protection under the CAT. For his asylum claim, he must show that he has “a well-founded fear of persecution.” *Shardar*, 503 F.3d at 312. For relief under the CAT, he must show that he will be able to establish “that it is more likely than not that he [] would be tortured if removed” to Mexico. *Sevoian*, 290 F.3d at 174–75 (citing 8 C.F.R. § 208.16(c)(2)). “Torture is an extreme form of cruel and inhuman treatment” “by or at the instigation of” a public official for “purposes such as obtaining confessions, punishment, intimidation or coercion.” *See id.* at 175 (internal citations omitted).

In determining whether the BIA abused its discretion, we must ask “whether the [B]oard followed proper procedures and considered and appraised the material evidence before it.” *Id.* at 177. Prima facie scrutiny entails consideration of “the evidence that accompanies the motion as well as relevant evidence that may exist in the record of the prior hearing, in light of the applicable statutory requirements for relief.” *Id.* at 173.

Here, the BIA considered the evidence and concluded that it was insufficient under the prima facie standard. Petitioner argues that he is entitled to relief from removal

7

because he and his family have been harassed, kidnapped, and tortured by Mexican drug cartels.

In support of his claim that his family was under threat, Petitioner averred that his son was beaten by cartel members and that his daughter was kidnapped in 2013. He failed to provide an affidavit from either his son or his daughter, and the record contains inconsistent names for his daughter. The BIA was entitled to give limited weight to this evidence given the lack of detail and inconsistencies. *See Fei Yan Zhu v. Att'y Gen.*, 744 F.3d 268, 275 (3d Cir. 2014) (explaining that the BIA "may give whatever weight it deems appropriate to [authentic and relevant] evidence in light of all of the other evidence presented").

None of the background materials support that Petitioner or his family face "a particularized threat of persecution" as required by asylum applicants or that he is more likely than not to suffer from torture. *See Shardar,* 503 F.3d at 316; *Sevoian*, 290 F.3d at 174–75. The background information only refers to the general dangerousness and growth of the cartels in his home region. The BIA evaluated this evidence and concluded that Petitioner, "has not explained which country conditions evidence 'materially bear[] on his claim' and was ignored." R. 6. Under the substantial evidence standard, we cannot conclude "that a reasonable factfinder would be compelled to find to the contrary." *Sevoian*, 290 F.3d at 175.

Petitioner additionally claims that he was kidnapped and beaten by the cartel and, as a result, suffered from a dislocated elbow and broken leg. However, his medical report provided that there was no "evidence of an acute fracture or dislocation" and that there

8

were only "chronic changes, probable [sic] from an old injury." R. 186. The only evidence of a broken leg was an undated photograph of him allegedly receiving treatment from the Red Cross for a leg injury. The BIA considered this evidence along with affidavits from Petitioner's family members which explained that he was kidnapped. We conclude that the BIA "weighed the evidence and found it lacking, and thus made a factual finding about [Petitioner's] claim." *See Sevoian*, 290 F.3d at 175.

Petitioner makes no argument that the BIA "ignore[d] evidence favorable to" him. *Huang v. Att'y Gen.*, 620 F.3d 372, 388 (3d Cir. 2010). The BIA correctly explained that Petitioner was required to show "a reasonable likelihood" that he was entitled to relief. *Guo*, 386 F.3d at 563. The BIA then "reviewed the record[,] grasped [his] claims," and concluded that he failed to meet the prima facie standard because he did not show that he or his family were targeted in Mexico. *See Sevoian*, 290 F.3d at 178; **R. 6, 7.**

We acknowledge, however, that the BIA's use of term "corroboration" at the motion to reopen stage is confusing. The BIA explained that "[o]ther than arguing generally that the Immigration Judge ignored relevant evidence, the respondent does not specify the evidence submitted that would further corroborate his claim that he and his family were targeted in Mexico." R. 6. To the extent that the BIA's decision rested on a rejection of the veracity of Petitioner's claims, rather than on giving the evidence limited weight, this was in error. *See Shardar*, 503 F.3d at 313. But, regardless, this does not constitute an abuse of discretion because Petitioner's allegations are insufficient to make a prima facie showing of persecution or torture. *See Tilija v. Att'y Gen.*, 930 F.3d 165, 172 (3d Cir. 2019). Petitioner's claim that he and his family are targeted by the cartel

9

because of their opposition to the cartel is insufficient to make a prima facie showing of persecution. *See Abdille v. Ashcroft*, 242 F.3d 477, 494 (3d Cir. 2001) ("Such ordinary criminal activity does not rise to the level of persecution necessary to establish eligibility for asylum."). And he does not allege that he was or will be tortured "by or at the instigation of" a public official for "purposes such as obtaining confessions, punishment, intimidation or coercion," as required for CAT relief. *See Sevoian*, 290 F.3d at 175. We cannot conclude that the BIA abused its discretion in dismissing the appeal. We will deny his petition for review.

## B.

As for Petitioner's argument that he was entitled to notice to provide corroborating evidence, he did not raise this issue in his brief before the BIA, and therefore we are without jurisdiction to review it. An alien must "raise and exhaust all remedies available to her in order to preserve her right to appellate review of a final order of removal." *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005). We have explained that this is a liberal requirement, in which the petitioner must "make[] some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal." *Id.* at 422. On appeal to the BIA, Petitioner argued that he had provided sufficient evidence to corroborate his claims. He did not argue that he was entitled to advance notice from the IJ that corroborating evidence was required. While the BIA explained that the IJ had the authority to require corroborating evidence, the BIA did not address whether Petitioner was owed advanced notice. We cannot say that the BIA was

10

aware that there was a possible claim of error regarding notice. *See id.* at 422. As such, we are without jurisdiction to review this issue.

IV.

For the foregoing reasons, Aguilar-Rivera's petition for review will be denied in part and dismissed in part.